(49 Misc. Rep. 617)

### EISENBERG v. THORNE.

(Supreme Court, Appellate Term. December 21, 1905.)

JUDGMENT—RES ADJUDICATA.

    Where, in an action to recover on a personal loan made defendant by plaintiff, it appeared that the questions litigated and the items of a stated account in a former action between the parties related to their mercantile transactions, such personal loan not being involved therein nor set up by plea of payment in reply to defendant's counterclaims, and no proof of the indebtedness being admitted at the trial, such claim, being a distinct cause of action which plaintiff was not bound to litigate by way of reply in such former action, was not covered by the adjudication therein as matter which might have been litigated.

    [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1241.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Abe M. Eisenberg against Max Thorne. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Julius Miller, for appellant.

Nathaniel Levy, for respondent.

BISCHOFF, J. The issue submitted to the jury and determined in favor of the plaintiff, upon sufficient and satisfactory evidence, was

whether the plaintiff's loan to the defendant was in the amount of £290 or £250 sterling, and there is no ground ·for our disturbing the result reached upon the facts.

It is urged, however, that the trial court erred in its denial of the defendant's motion for judgment, upon the ground that the cause of action was barred by a former adjudication. Subsequent to the date of the loan, the plaintiff sued the defendant in the City Court upon a claim for goods sold and delivered, the defendant counterclaimed for the amount of certain money paid for the plaintiff's account pleaded an account stated, and further counterclaimed upon an assigned claim of $29. The reply was a general denial, and the defendant obtained judgment for $26.88. It appeared that the questions litigated, and the items of the·stated account, had to do with the mercantile transactions between the parties; the personal loan now in suit was not sued for in the City Court action, and was not set up by plea of payment in the reply to the counterclaims; nor was proof of this indebtedness to the plaintiff admitted at the trial.

While the question now at issue might have been litigated, had the plaintiff desired to assert his claim, it could not be litigated under the pleadings as they were framed in the earlier action, and this claim was a distinct cause of action which the plaintiff was not bound to litigate by way of reply to the counterclaims in that action. Not being within the scope of the pleadings, nor related to the facts in issue, this claim was not to be deemed covered by the adjudication as matter which might have been litigated (Earle v. Earle, 173 N. Y. 480, 487, 66 N. E. 398 et seq.), and it was conclusively shown at the present trial that the earlier litigation was not extended, by estoppel or consent, to embrace this cause of action. There was no error in the denial of defendant's motion, and the judgment is not assailable.

Judgment affirmed, with costs. All concur.